IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMPSON, VENTULETT, STAINBACK & ASSOCIATES, INC. | : : : | CIVIL ACTION |
| v. | : : | |
| AUDUBON LAND DEVELOPMENT CORP. | : : | NO. 05-4112 |

**MEMORANDUM AND ORDER**

This is a breach of contract case based on two oral contracts and one written contract between a land development company and an architectural firm. The Complaint sets forth three counts of breach of contract and one of unjust enrichment. Jurisdiction is based on diversity. Defendant's Motion to Strike a Claim for Attorneys Fees and Costs Pursuant to F.R. Civ. P. 12(f) and Motion for a More Definite Statement Pursuant to F.R. Civ. P. 12(e) are pending.

Defendant contends that Counts I and III (concerning the oral contracts) are insufficiently detailed to allow them to respond to the allegations. Defendant contends that the Complaint fails to include information as to the specific consideration involved, the specific hourly rate required, and identity of the agents who entered into the oral agreements. Defendant also argues that Plaintiff's request for attorneys fees and costs should be stricken from the Complaint, since, under Pennsylvania law, costs and attorneys fees may only be awarded when specifically provided for by statute or by the underlying contract.

Plaintiff argues that it has adequately met the pleading requirements for a breach of contract claim under Pennsylvania law, as it has alleged the existence of a valid oral contract, the nature of the services to be provided under that contract, that Plaintiff provided those services to Defendant, and that Defendant has failed to pay for the services provided. As to the matter of

costs and fees, Plaintiff asserts that it would be premature to strike this request at this early stage of the case and that it should be given an opportunity to show that the underlying contract does provide for costs and fees.

Plaintiff has met the basic notice pleading requirements under F. R. Civ. P. 8(a), and the Motion for a More Definite Statement must be denied.  As to Defendant's Motion to Strike the Attorneys Fees and Costs, Plaintiff does not assert that the contract at issue provided for such an award, and the law of Pennsylvania does not provide for such recovery in a contract case. Although a motion to strike is not necessary to establish an obvious legal proposition that contradicts a claim in a complaint, since the motion has been made, and the Plaintiff does not establish a right to attorneys fees, the Court will grant the motion limited to the request for attorneys fees.  If it turns out that attorneys fees may be warranted, they may be included in the verdict or judgment in connection with Plaintiff's claim for "such other relief" without any formal amendment.  In short, the motion is unnecessary but is not improper.

Therefore, Defendant's Motion for a More Definite Statement is DENIED and Defendant's Motion to Strike the Claim for Attorneys Fees is GRANTED, without prejudice.

BY THE COURT:

Date:  11/22/05           s/Michael M. Baylson
                                                    Michael M. Baylson, U.S.D.J.

O:\CIVIL\05-4112 Thompson v. Audubon\Thompson v. Audubon - Memo D's Motion Strike.wpd